O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE E. JACOBS IV, | ) | CASE NO. CV 09-00258 DOC (RZ) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| DERRAL G. ADAMS, Warden, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause because the face of the petition suggests that it is untimely.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after April 24, 1997: the date on which a State-created impediment – itself a violation of constitutional law – was removed; the date on which a newly-recognized constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

1  The time spent in state court pursuing collateral relief in a timely manner is
2 excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is
3 subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).
4  Petitioner filed the current petition on January 13, 2009. From the face of the
5 petition and from judicially-noticeable materials, the Court discerns that –

  (a) On December 13, 2005, a Los Angeles County jury convicted Petitioner, who already was serving a life prison sentence, of assault by a life-term inmate. Pet. ¶¶ 1-2; *see* CAL. PENAL CODE § 4500. He received a further sentence of 27 years to life. Pet. ¶ 2(f).

  (b) Petitioner appealed, but the California Court of Appeal affirmed in an opinion filed on January 23, 2007. *See People v. Jacobs*, No. B187945, 2007 WL 155139 (Cal. App. 2d Dist.). Petitioner did not petition for further direct review in the California Supreme Court. *See* Pet. ¶¶ 3-4.

  (c) Petitioner's conviction therefore became final on March 4, 2007, 40 days after the filing of the California Court of Appeal's decision. (The 40 days consists of 30 days for the appellate decision itself to become final, *see* CAL. R. CT. 8.264(b), plus 10 days thereafter for Petitioner to have petitioned for further direct review in the California Supreme Court. *See* CAL. R. CT. 8.500(e)(1).) Petitioner's 365-day limitations period for the present action started on that date.

  (d) Petitioner filed several writ petitions in the state supreme court, none seeking further direct review. The last of these was denied on May 23, 2007.

  (e) Petitioner filed a motion in the California Court of Appeal to have its March 28, 2007 remittitur recalled. That court denied the motion on August 28, 2007.

\* \* \* \* \*

///

///

1    Unless this Court has miscalculated the limitations period, or some form of
2 additional tolling applies in sufficient measure, this action is time-barred. Petitioner's
3 limitations period appears to have expired no later than (but possibly earlier than)
4 August 28, 2008. Even that date is based on an assumption, for the sake of discussion, that
5 Petitioner's AEDPA limitations period was tolled for the entire time between (a) the date
6 on which his conviction became final, namely March 4, 2007, and (b) August 28, 2007, the
7 date on which his final efforts in the state court system were rejected. No basis appears in
8 the petition for a later AEDPA-limitations-period starting date. Nor does the face of the
9 petition disclose any basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408,
10 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute
11 requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that
12 some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at
13 1054-55.

14    This Court may raise *sua sponte* the question of the statute of limitations bar,
15 so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260
16 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should
17 not be dismissed as being barred by the statute of limitations. Petitioner shall file his
18 response to the Court's Order to Show Cause not later than 21 days from the filing date of
19 this Order.

20    If Petitioner does not file a response within the time allowed, the action may
21 be dismissed for failure to timely file, and for failure to prosecute.

22    IT IS SO ORDERED.

24    DATED:    January 23, 2009

                                        _____
                                        RALPH ZAREFSKY
                                        UNITED STATES MAGISTRATE JUDGE

-3-